IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE FAUNCE,

           Plaintiff,

vs.

RELIANCE STANDARD LIFE INSURANCE,

           Defendant.

Civil Action No. 3:17-cv-06

## COMPLAINT

AND NOW, comes the Plaintiff, LAWRENCE FAUNCE, by and through his attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

## INTRODUCTION

## NATURE OF THIS ACTION

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202. Mr. Laurence Faunce (hereinafter Plaintiff) is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Reliance Standard Life Insurance Company. The Plan is governed by ERISA. Plaintiff is a

beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the timely payment of Long-Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce his rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Lawrence Faunce resides at 7325 Lincoln Highway, Central City, Pennsylvania 15926, Somerset County.

5. The Defendant, Reliance Standard Life Insurance, is the Claims Administrator of Long Term Disability claims and is located at P.O. Box 8330 Philadelphia, Pennsylvania 19101.

6. Defendants administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff worked for Trumbull Corporation as a full-time Construction Project Superintendent.

8. The Plaintiff was mentally incapable of continuing his regular occupation with his employer after August 3, 2015, due to psychiatric symptoms associated with diagnoses of: Post Traumatic Stress Disorder, Generalized Anxiety Disorder, Major Depressive Disorder. Plaintiff suffered from these diagnoses and symptoms after an on site accident in which an employee was killed.

9. The Plaintiff initiated a claim for Long Term Disability benefits under the Plan, which was denied by the Defendant by letter dated January 7, 2016.

10. The Plaintiff filed a timely and responsive internal appeal to the initial denial of his claim by letter dated February 18, 2016.

11. The Defendant issued a final denial on April 11, 2016, affirming their prior decision to deny the Plaintiff's claim for Long Term Disability benefits.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

12. Paragraphs 1 through 11 are incorporated herein as if set forth at length.

13. Plaintiff has exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq.

14. At all times relevant to this action, the Plaintiff has been unable to perform the material duties of his regular occupation due to psychiatric symptoms associated with diagnoses of: Post Traumatic Stress Disorder, Generalized Anxiety Disorder, Mood Disorder, and Major Depressive Disorder. Mainly, the Plaintiff was unable to perform his complicated and skilled job due to an impaired memory, insight and thought processes which resulted in poor abilities to: follow instructions, maintain a work pace, perform complex or varied tasks, relate to other people, make decisions without immediate supervision, or direct, plan and control the activities of others.

15. The Defendant ignored pertinent medical evidence and failed to evaluate all of the evidence of record including the medical of Plaintiff's treating physician.

16. The Defendant did not conduct an appropriate vocational analysis focused specifically on the Plaintiff's regular occupation and requirements to amongst other things complete tasks and manage workers.

17. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

- 5 -

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:  January 16, 2017